# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrameral Bledsoe,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-03376-PHX-DLR<br><br>**ORDER** |

    Before the Court is Petitioner Andrameral Bledsoe's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and United States Magistrate Judge John Boyle's Report and Recommendation ("R&R"). (Docs. 1, 11.) The R&R recommends that Ground 1 of the Petition, which requests Petitioner be afforded a renewed post-conviction relief proceeding, be conditionally granted. As part of the Court's conditional grant, Petitioner is to be ordered released unless within 90 days of the Court's Order, Petitioner is permitted to file a new of-right Rule 32 PCR proceeding, including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders v. California*, 386 U.S. 738 (1967). (Doc. 11 at 11.)

    The R&R also recommends that Ground 2 of the Petition, which concerns alleged *Brady* issues, be denied, and that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied. (*Id.* at 12.) The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *See United States*

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Petitioner did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court reviewed the R&R and finds it well-taken. The Court accepts the R&R and conditionally grants the petition as to Ground 1 and denies it with respect to Ground 2. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 18) is **ACCEPTED**. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1.) is **CONDITIONALLY GRANTED** with respect to Ground 1 and **Denied** with respect to Ground 2.

**IT IS FURTHER ORDERED** that Petitioner be ordered released unless within **90 days** of the Court's order, Petitioner is permitted to file a new of-right Rule 32 PCR proceeding, including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders*.

//
//
//
//
//
//
//
//

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus as to Ground 2, a Certificate of Appealability on appeal is **DENIED** because Petitioner is being afforded the requested relief.

Dated this 11th day of September, 2019.

_____
Douglas L. Rayes
United States District Judge